**BANK OF ST. LOUIS, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 71–1483.

United States Court of Appeals, Eighth Circuit.

March 27, 1972.

Gaylord C. Burke, Dennis C. Donnelly, St. Louis, Mo., for petitioner; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Marjorie S. Gofreed, Atty., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N. L. R. B., Washington, D. C., for respondent.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the National Labor Relations Board, finding that the petitioner had committed a § 8(a) (1) unfair labor practice by requesting its employees to report union solicitation activities, and requiring the posting of the usual notices.

On September 28, 1970, the Company found out that the Union was conducting an organizing campaign on its premises. Sometime thereafter the Company's president received a report from supervisors that some employees were "badgering and pestering" other employees during working hours to sign Union authorization cards. On October 22, 1970, the Company president wrote a letter to the employees informing them that signing an authorization card might really be casting a vote for the union, giving them detailed instructions on how to get an authorization card back if they had already signed one, and urging them not to sign a card. The letter concluded with the following paragraph:

> "Further, if you are threatened in any way or subjected to constant badgering by union proponents to sign these cards, please report these matters to your Department Head immediately."

The Board concluded that in the context of the general anti-union tenor of the letter, the concluding paragraph could reasonably be interpreted by the employees to request the reporting to management of the names of employees who were engaging in persistent union solicitation. The Board required the Company to post a notice stating that it would not "request any of our employees to inform management about their fellow employees who persistently solicit them to sign a union card."

The Company does not appear to contest the proposition that employer requests that employees inform as to other employees' union activities exert a coercive influence on employees' organizational rights. *See, e. g.,* NLRB v. Louisiana Mfg. Co., 374 F.2d 696, 700–701 (8th Cir. 1967). Rather, it contends that its letter cannot reasonably be interpreted to make such a request. Thus the question is whether there is substantial evidence on the record to support the Board's determination that the Company's letter in fact constituted a request to employees to inform on their fellow employees.

The Company contends that its letter must be interpreted as referring only to threatening or unlawfully coercive solicitation on behalf of the union. However, there is not the least suggestion on this record that any remotely threatening conduct had occurred during the Union campaign, and therefore the employees would most likely read the letter in the context of conduct which had actually occurred—namely, persistent union solicitation which was protected under the act. Furthermore, the Company's suggestion that its employees report "constant badgering by Union proponents" followed its admonition (in capital letters), "DON'T SIGN A CARD!"

Since the letter seems reasonably susceptible to the interpretation placed upon it by the Board enforcement is granted.